

| | | |
|---|---|---|
| JOSE J. CABREJAS | * | IN THE |
| and ISABEL C. CABREJAS | * | |
| | * | CIRCUIT COURT |
| and | * | |
| | * | FOR |
| PATRICK E. PRICE | * | |
| | * | PRINCE GEORGE'S COUNTY |
| and | * | |
| | * | |
| SYLVIA M. BOOZE | * | Case No: CAE 06-03844 |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | |
| | * | |
| ACCREDITED HOME LENDERS, INC. | * | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## Amended Class Action Complaint and Demand for Jury Trial

COME NOW THE PLAINTIFFS, Jose J. Cabrejas and Isabel C. Cabrejas, Patrick E. Price and Sylvia M. Booze on behalf of themselves and all others similarly situated, by and through the undersigned attorneys, John A. Pica, Jr., Thomas P. Kelly, Louis F. Angelos, and the Law Offices of Peter G. Angelos, P.C., and allege as follows for their Amended Class Action Complaint:

### I. PRELIMINARY STATEMENT

1.  Plaintiffs file this class action seeking damages and relief, on behalf of themselves and others similarly situated, for violations of Maryland law governing mortgage loans. The Plaintiffs and Class Members have or had mortgage loans either made by, assigned and transferred to, and/or serviced by ACCREDITED HOME LENDERS, INC. (ACCREDITED) and were injured by its predatory lending practices.

2.  Predatory lending has grown substantially with the surge in the mortgage



EXHIBIT

A

1

market and the advance of many creative mortgage programs. There are heightening concerns and too many experiences of the way predatory mortgage lending erodes homeowners' equity. Unknowing and/or unsophisticated borrowers with little, if any, leverage at settlement are forced to accept illegal or abusive mortgage terms and fees only to learn later that the terms and fees were illegal.

3.     This Complaint is notice to ACCREDITED from the Plaintiffs and all borrowers who are potential members of the Class, as defined herein, that ACCREDITED violated Maryland law and in particular the Secondary Mortgage Loan Law, ("SMLL"), Md. Code Ann. Com. Law § 12-401 *et. seq.* by engaging in the predatory lending practices identified herein.

4.     The predatory lending practices of ACCREDITED include: contracting for, charging, collecting or receiving excessive or illegal charges, costs or fees. The Plaintiffs and Class Members do not allege that ACCREDITED charged illegal or excessive interest.

## II. JURISDICTION AND VENUE

5.     This Court has jurisdiction over this class action pursuant to the Courts and Judicial Proceedings Article, Annotated Code of Maryland, §§ 6-102 and 6-103. The Plaintiffs and the Class Members obtained mortgage loans from ACCREDITED in Maryland or had mortgages that were sold, assigned or transferred to ACCREDITED in Maryland and /or serviced by ACCREDITED and were injured by ACCREDITED's predatory lending practices. Pursuant to its mortgage loans with the Plaintiffs and Class Members, ACCREDITED had or has mortgage liens on real property located throughout the State of Maryland.

6.     ACCREDITED is a mortgage company that makes, originates, brokers and/or services mortgages under the laws of the State of Maryland.  It regularly provides credit to residents and homeowners throughout the State of Maryland.  It makes, originates, brokers, services, buys, accepts, sells, and assigns mortgage loans throughout the State of Maryland and otherwise conducts business in the State of Maryland.

7.     Venue in this case is founded on Courts and Judicial Proceedings Article,

Annotated Code of Maryland, § 6-201 (a).

8.      As part of its business operations, ACCREDITED regularly provides credit to residents of Prince George's County, places mortgage liens on property in Prince George's County, makes, originates, brokers, services, buys, sells, accepts and assigns mortgage loans in Prince George's County, and otherwise conducts business in Prince George's County.

9.      The Plaintiffs and more than two-thirds (2/3) of the members of the proposed Class are residents and citizens of the State of Maryland.

10.     ACCREDITED is not a federally chartered institution.  It is incorporated under the laws of California.

11.     There is no Federal subject matter jurisdiction over this dispute.  No federal question is raised by the allegations of the state causes of action asserted herein. There is no federal preemption of the state causes of action asserted herein.

12.     ACCREDITED is a defendant whose alleged conduct forms a significant basis for relief and from whom significant relief is sought by the Plaintiffs and Class Members.

13.     This action involves issues of State law.  The Plaintiffs and Class Members allege violations of Maryland law only and rely exclusively upon Maryland law in bringing this class action against ACCREDITED.

14.     There is a distinct connection between this forum, the Plaintiffs and the Class Members, and the wrongs alleged.  Injury to the Plaintiffs and Class Members resulted from the action and conduct of ACCREDITED within the State of Maryland.

15.     This action does not involve matters of national or interstate interest.

### III. PARTIES

16.     Plaintiffs, Jose J. Cabrejas and Isabel C. Cabrejas (CABREJAS) reside at 7 Halfpenny Court, Gaithersburg, Maryland 20886.

17.     Plaintiff, Patrick E. Price (PRICE) resides at 3 Dimely Court, Middle River, Maryland 21220.

18.     Plaintiff, Sylvia M. Booze (BOOZE) resides at 3081 Chester Grove Road, Unit D, Upper Marlboro, Maryland 20744.

19.     Defendant, ACCREDITED, is a California corporation with its principal place of business in California. It solicits and does business with residents throughout the State of Maryland, including the Plaintiffs and members of the Class.

## IV. FACTUAL BACKGROUND

20.     The Plaintiffs and the Class Members own residential real estate in Maryland and obtained mortgage loans from ACCREDITED in Maryland or obtained mortgage loans that were later sold, assigned or transferred by others to ACCREDITED in Maryland.

21.     ACCREDITED made, originated, brokered, sold, bought, accepted, assigned and/or serviced hundreds of mortgage loans in the State of Maryland, secured by residential real property located in Maryland and regularly makes, originates, brokers, services, buys, accepts, sells and assigns mortgage loans in Maryland.

22.     In certain of the mortgage loans issued to the Plaintiffs and Class Members, ACCREDITED received a promissory note from the borrowers and was named the beneficiary of a mortgage lien to secure those loans.  In other loans ACCREDITED was assigned or transferred the promissory notes the Plaintiffs and Class Members had given to other lenders and thereby obtained a lien on the property of the Plaintiffs and Class Members.

### MORTGAGE LENDING LAWS IN MARYLAND

23.     The SMLL. regulates the issuance of secondary mortgage loans in the State of Maryland.

24.     A "Secondary Mortgage Loan" is defined by the SMLL as "a loan or deferred

4

purchase price secured in whole or in part by a mortgage, deed of trust, security agreement, or other lien on real property located in the State, which property: (i) Is subject to the lien of one or more prior encumbrances, except a ground rent or other leasehold interest; and (ii) Has a dwelling on it designed principally as a residence with accommodations for not more than four families." Md. Code Ann. Com. Law §12-401(i).

25.    A lender may not make or offer to make any secondary mortgage loan except within the terms and conditions of the SMLL. Md. Code Ann. Com. Law §12-412.

26.    When making a secondary mortgage loan, a lender may contract for, charge, collect and receive from the borrower only those charges, fees and costs authorized by the SMLL. Md. Code Ann. Com. Law § 12-405.

27.    A lender may only contract for, charge, collect and receive an origination fee, combined with a finder's fee imposed by a mortgage broker, the aggregate of which may not exceed 10% of the loan's net proceeds under the SMLL. Md. Code Ann. Com. Law § 12-405(a)(2).

28.    Whether or not a lender contracts for, charges, collects or receives a loan origination fee, the lender is not entitled to contract for, charge, collect or receive any other charges, fees, points or costs, other than the exact amount to be paid to a public official or governmental agency for recording or satisfying the instrument securing the loan, Md. Code Ann. Com. Law 12-405(a)(4).

29.    Any lender, officer or employee of a lender or any other person who willfully violates the SMLL is guilty of a misdemeanor punishable by a fine of up to $1,000.00 and/or imprisonment for up to one (1) year.  Md. Code Ann. Com. Law § 12-414.

30.    A lender who violates any provision of the SMLL may collect only the principal amount of the loan and may not collect any interest, costs, or other charges with respect to the loan.  Md. Code Ann. Com. Law § 12-413.

31.    A lender who knowingly violates any provision of the SMLL is also liable

5

to the borrower for a civil penalty of three (3) times the amount of charges collected in excess of those authorized by the SMLL.  Md. Code Ann. Com. Law § 12-413.

32.    A lender may elect to make a loan to any borrower under the CLEC by making a written election to that effect in the agreement, note or other evidence of the loan.  Md. Code Ann. Com. Law § 12-1013(a).

33.    If a person fails to elect to extend closed end credit under the CLEC, the provisions of the CLEC do not apply.  Md. Code Ann. Com. Law § 12-1013.1 (b)(2).

## V. <u>THE CLASS REPRESENTATIVES' LOANS</u>

### <u>CABREJAS</u>

34.    CABREJAS obtained a secondary mortgage loan  from ACCREDITED on or about August 26, 2005, secured by a lien on their residence at 7 Halfpenny Court, Gaithersburg, Maryland 20886.  Because ACCREDITED did not elect in the agreement, note or other evidence of the loan to make the loan subject to the provisions of the CLEC, it was made pursuant to the SMLL. The principal amount of the loan was $99,400.00 for a term of 15 years at 12.49%.

35.    ACCREDITED contracted for, charged, collected and received from CABREJAS a loan origination fee of $994.00.

36.    In violation of the SMLL, ACCREDITED contracted for, charged, collected and received from CABREJAS the following illegal fees, charges and costs:

| | |
|---|---|
| Tax Service Fee | $66.00 |
| Flood Certification Fee | $5.00 |
| Underwriting Fee | $395.00 |
| Settlement or Closing Fee | $125.00 |
| Title Insurance Binder | $35.00 |
| Document Preparation | $35.00 |
| Title Insurance | $300.00 |

Assignment Fee              $40.00

37.     The above mentioned illegal and excessive fees, charges and costs contracted for, charged, collected and received by ACCREDITED from CABREJAS, were financed through and pro-rated over the term of the loan so that every monthly mortgage payment included and continues to include a portion of the illegal and excessive fees, charges and costs disguised as principal and interest payments, thereby wrongly increasing the monthly payments required of CABREJAS.

38.     CABREJAS have made monthly payments of principal and interest on the ACCREDITED loan from September 2005 to the present.

39.     ACCREDITED did not disclose to CABREJAS the material fact that the fees, charges and costs contracted for, charged, collected and received by it were prohibited and illegal under Maryland law.

40.     CABREJAS have been injured by the predatory lending practices of ACCREDITED and continues to be injured each time a required monthly payment is made.

41.     ACCREDITED's violations of Maryland law were knowing.

## PRICE

42.     PRICE obtained a secondary mortgage loan from ACCREDITED on or about September 30, 2005, secured by a lien on his residence at 3 Dimely Court, Middle River, Maryland 21220.  Because ACCREDITED did not elect in the agreement, note or other evidence of the loan to make the loan subject to the provisions of the CLEC, it was made pursuant to the SMLL. The principal amount of the loan was $58,000.00 for a term of 15 years at 8.99%.

43.     ACCREDITED chose not to contract for, charge, collect or receive from PRICE a loan origination fee.  The lack of an origination fee was used to induce PRICE to obtain his loan from ACCREDITED.

44.     In violation of the SMLL, ACCREDITED contracted for, charged, collected and received from PRICE the following illegal fees, charges and costs:

Tax Service Fee              $66.00

7

| | |
|---|---|
| Flood Certification Fee | $5.00 |
| Underwriting Fee | $495.00 |
| Settlement or Closing Fee | $200.00 |
| Title Insurance Binder | $50.00 |
| Title Insurance | $25.00 |

45.     The above mentioned illegal and excessive fees, charges and costs contracted for, charged, collected and received by ACCREDITED from PRICE, were financed through and pro-rated over the term of the loan so that every monthly mortgage payment included and continues to include a portion of the illegal and excessive fees, charges and costs disguised as principal and interest payments, thereby wrongly increasing the monthly payments required of PRICE.

46.     PRICE has made monthly payments of principal and interest on the ACCREDITED loan from October 2005 to the present.

47.     ACCREDITED did not disclose to PRICE the material fact that the fees, charges and costs contracted for, charged, collected and received by it were prohibited and illegal under Maryland law.

48.     PRICE has been injured by the predatory lending practices of ACCREDITED and continues to be injured each time a required monthly payment is made.

49.     ACCREDITED's violations of Maryland law were knowing.

## BOOZE

50.     BOOZE obtained a secondary mortgage loan from ACCREDITED on or about July 29, 2005, secured by a lien on her residence at 3081 Chester Grove Road, Unit D, Upper Marlboro, Maryland 20774.  Because ACCREDITED did not elect in the agreement, note or other evidence of the loan to make the loan subject to the provisions of the CLEC, it was made pursuant to the SMLL.  The principal amount of the loan was $35,700.00 for a term of 15 years at 11.75%.

51.     ACCREDITED contracted, charged, collected and received from BOOZE a loan origination fee in the amount of $200.00.

52. In violation of the SMLL, ACCREDITED contracted for, charged, collected and received from BOOZE the following illegal fees, charges and costs:

| | |
|---|---|
| Tax Service Fee | $66.00 |
| Flood Certification Fee | $5.00 |
| Underwriting Fee | $395.00 |
| Settlement Fee | $295.00 |
| Recording Service Fee | $45.00 |
| Title Insurance Binder | $50.00 |
| Title Insurance | $35.00 |
| Doc Delivery/Express | $75.00 |

53. The above mentioned illegal and excessive fees, charges and costs contracted for, charged, collected and received by ACCREDITED from BOOZE, were financed through and pro-rated over the term of the loan so that every monthly mortgage payment included and continues to include a portion of the illegal and excessive fees, charges and costs disguised as principal and interest payments, thereby wrongly increasing the monthly payments required of BOOZE.

54. BOOZE has made monthly payments of principal and interest on the ACCREDITED loan from August 2005 through the present.

55. ACCREDITED did not disclose to BOOZE the material fact that the fees, charges and costs contracted for, charged, collected and received by it were prohibited and illegal under Maryland law.

56. BOOZE has been injured by the predatory lending practices of ACCREDITED and continues to be injured each time a required monthly payment is made.

57. ACCREDITED's violations of Maryland law were knowing.

## VI. CLASS ACTION ALLEGATIONS

58.     Plaintiffs bring this action pursuant to Maryland Rule 2-231 on behalf of

themselves and all others similarly situated, as representative members of the following proposed

Class:

a.     All Maryland residents who received mortgage loans from ACCREDITED secured by real property in the State of Maryland,  or who received mortgage loans from others in Maryland which later sold, assigned or transferred those loans to ACCREDITED and who were injured by the predatory lending practices of ACCREDITED.

b.     Excluded from the class are Defendants and all directors, officers, agents and employees of Defendants;

c.     Any person or entity who timely opts out of this proceeding; and

d.     Any person who has given a valid release of the claims asserted in this suit.

e.     Any person precluded by their original loan documents from participating in a class action.

59.     **Numerosity of the Class.** Maryland Rule 2-231 (a) (1). The members of the

Class are so numerous that joining the individual members is impracticable. Based upon the land

records of the State of Maryland, it is reasonably believed the Class will be compromised of

several hundred  members. Class Members can be readily identified from information and

records in possession and control of ACCREDITED or its agents, or through public records.

60.     **Existence and Predominance of Common Questions of Law and Fact.**

Maryland Rule 2-231(a)(2) and 2-231(b)(3). There are questions of law and fact common to the

Class, which questions predominate over any questions affecting only individual members of the

Class.  The wrongs suffered and remedies sought by the Representative Plaintiffs and Class

Members are identical; the only difference will be the exact monetary relief to which each

member of the Class is entitled. Common issues include, but are not limited to, the following:

a.      Whether ACCREDITED violated Maryland law by contracting for, charging or receiving from the Plaintiffs and Class Members illegal, prohibited or excessive fees, charges or costs.

b.      Whether ACCREDITED's practices constitute unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce as prohibited by the Consumer Protection Act, Maryland Commercial Law Code Ann. § 13-101, *et seq.*

c.      Whether ACCREDITED is liable to the Plaintiffs and Class Members for actual damages, statutory damages and civil penalties;

d.      Whether ACCREDITED is liable to the Plaintiffs and Class Members for attorneys' fees, costs, and expenses.

e.      Whether ACCREDITED is liable to the Plaintiffs and Class Members for declaratory and/or injunctive relief which may be necessary to assure that the Class has an effective remedy.

61.     **Typicality of Claims**. Maryland Rule 2-231(a)(3). The Representative Plaintiffs' claims are typical of those of the Class Members and are based upon the same factual and legal theories. The Plaintiffs and all members of the Class have sustained and/or will continue to sustain damages arising out of Defendant's common course of conduct.

62.     **Adequacy of Representation**. Maryland Rule 2-231(a)(4). The Representative Plaintiffs will fairly and adequately assert and protect the interests of the Class Members. The Representative Plaintiffs' interests are not antagonistic to those of the other Class Members. The Representative Plaintiffs have retained counsel experienced in handling class actions and complex litigation. Neither the Representative Plaintiffs nor their counsel have any interest which might prevent them from actively and vigorously pursuing this action. The interests of the members of the Class will be fairly and adequately protected by the Plaintiffs and their counsel.

63.     **Superiority**. Maryland Rule 2-231(b)(3). A class action is superior to other available means for the fair and efficient prosecution of this action. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications for individual Class Members that would, as a practical matter, be dispositive of the interests of

the other Class Members not parties to the adjudications, or would substantially impair or impede their ability to protect their individual interests.

64.     A certification of the Class would allow litigation of claims that, in view of the expense of litigation, may be insufficient in amount to support individual actions. The individual Class Members are unlikely to be aware of their rights and not in a position, by way of experience or financial means, to commence individual litigation against the defendant.

65.     A class action will result in an orderly and expeditious administration of the Class Members' claims, and economies of time, effort and expense, and uniformity of decisions will be assured.

66.     The various claims asserted in this action are additionally or alternatively certifiable under the provisions of Maryland Rules 2-231(b)(1) and/or 2-231(b)(2) for the following reasons:

    a.     The prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class Members, particularly with respect to the equitable claims for relief set forth herein, thus establishing incompatible standards of conduct for Defendant;

    b.     The prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other members of the class not party to such adjudications or would substantially impair or impede the ability of such nonparty Class members to protect their interests; and

    c.     Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

67.     Accordingly, the proposed Class fulfills the certification criteria of Maryland Rule 2-231(a) and certification of the above-defined classes is appropriate under one or more of the provisions of Maryland Rule 2-231(b).

## COUNT I

### Violation of Maryland Mortgage Lending Laws

68.    The Plaintiffs and Class Members incorporate by reference the allegations contained in Paragraphs 1 through 67 above as though fully set forth herein.

69.    ACCREDITED violated Maryland law by contracting for, charging, collecting and receiving from the Plaintiffs and Class Members, illegal, prohibited and excessive charges, fees and costs.

70.    The above mentioned illegal, excessive and prohibited charges, fees and costs contracted for, charged, collected and received by ACCREDITED from the Plaintiffs and Class Members were financed through and pro-rated over the term of the ACCREDITED loans so that every monthly mortgage payment included and/or continues to include a portion of the illegal, excessive and prohibited charges, fees and costs disguised as principal and interest payments, thereby, wrongly increasing the monthly payment required of the Plaintiffs and Class Members.

71.    The Plaintiffs and Class Members have been injured by ACCREDITED's predatory lending practices and violations of Maryland law and continue to be injured each time required monthly payments are made.

72.    ACCREDITED's violations of Maryland law were knowing.

73.    As a consequence of ACCREDITED's violations of Maryland law, ACCREDITED can collect only the principal amount of the loans and must forfeit and reimburse to the Plaintiffs and Class Members any and all interest, paid over the term of the loans.

74.    As a consequence of ACCREDITED's violations of Maryland law, ACCREDITED must forfeit and reimburse to the Plaintiffs and Class Members any and all fees, charges and costs with respect to the loans.

75.    As a consequence of ACCREDITED's knowing violations of Maryland law,

ACCREDITED must forfeit and reimburse to the Plaintiffs and Class Members three (3) times the amount of all excessive or illegal fees, charges, and costs collected, or received by it.

76.     As a consequence of ACCREDITED's violations of Maryland law, the Plaintiffs and Class Members are entitled to actual and statutory damages plus attorney's fees, costs, expenses and such other relief as the Court deems proper.

## COUNT II

### Violation of the Consumer Protection Act
### (Md. Code Ann. Com. Law § 13-101. *et seq.)*

77.     The Plaintiffs and Class Members incorporate by reference the allegations contained in Paragraphs 1 through 76 above as though fully set forth herein.

78.     Section 13-408 of the Maryland Consumer Protection Act., Md. Com. Law Code Ann. §13-101 et seq., authorizes the Plaintiffs and Class Members to bring an action to recover for injury or loss sustained as the result of a practice prohibited by the Act.

79.     By engaging in the conduct described above, ACCREDITED violated Sections 13-301(1),(3), and (9) of the Consumer Protection Act by, among other things:

   a.     Engaging in unfair or deceptive trade practices as defined in § 13-301(1) by making false and misleading oral and written statements that had the capacity, tendency, or effect of deceiving or misleading Maryland consumers;

   b.     Engaging in unfair or deceptive trade practices as defined in § 13-301(3) by failing to state material facts, the omission of which deceived or tended to deceive;

   c.     Engaging in unfair or deceptive trade practices as defined in § 13-301(9) through their deception, fraud, misrepresentation, and knowing concealment, suppression, and omission of material facts.

80.     As a consequence of ACCREDITED's violations of the Maryland Consumer Protection Act, the Plaintiffs and Class Members are entitled to any and all damages allowable

by statute resulting from the violations, plus all permissible attorneys fees, costs, expenses and such other relief and/or injunctive relief which the Court deems proper, including an order for general restitution to prevent ACCREDITED from obtaining unjust enrichment from its illegal conduct.

## **PRAYER FOR RELIEF**

**WHEREFORE,** the Plaintiffs and Class Members respectfully request that this Honorable Court issue an order and judgment against ACCREDITED as follows:

1. Certifying the Class and any appropriate Sub-Class thereof under the appropriate provisions of Maryland Rule 2-231, and appointing the Plaintiffs and their counsel to represent the Class;

2. That ACCREDITED is to be financially responsible for the expense of providing all requisite notice to the Class Members;

3. That the Plaintiffs and Class Members be relieved from the obligation to make further payments of interest to ACCREDITED on existing loans;

4. That ACCREDITED is to forfeit and reimburse to the Plaintiffs and Class Members all interest already paid on, and for the loans;

5. That ACCREDITED is to forfeit and reimburse to the Plaintiffs and Class Members all charges, fees and costs paid on, and for the loans;

6. That ACCREDITED is to pay to the Plaintiffs and Class Members three (3) times the amount of all excessive and illegal fees, charges and costs paid on, and for the loans;

7. That ACCREDITED is to pay monetary damages in an amount to be determined at trial to Plaintiffs, CABREJAS, PRICE and BOOZE for their special efforts that benefited the absent Class Members.

8. That ACCREDITED is to pay to the Plaintiffs and Class Members pre-judgment interest.

9.     That ACCREDITED is to pay to the Plaintiffs and Class Members post-judgment interest.

10.    That ACCREDITED is to pay the Plaintiffs and Class Members all permissible attorney fees, costs and expenses.

11.    Granting the equitable relief requested herein;

12.    Granting the Plaintiffs and Class Members such other extraordinary, declaratory and/or injunctive relief as permitted by law as necessary to assure that the Class has an effective remedy; and

13.    Granting such other and further relief, as the Court deems just and proper, that the Plaintiffs and Class Members are entitled to receive.

Respectfully Submitted,

JOHN A. PICA, JR.
THOMAS P. KELLY
LOUIS F. ANGELOS
Law Offices of Peter G. Angelos, P.C.
100 North Charles Street, 22nd Floor
Baltimore, Maryland 21201
Voice: (410) 649-2000
Fax: 410-649-2150

## JURY DEMAND

Plaintiffs demand a trial by jury on all claims triable.

JOHN A. PICA, JR.
THOMAS P. KELLY
LOUIS F. ANGELOS

16

**Certificate of Service**

I hereby certify that on this *13* day of March, 2006, a copy of the aforegoing Second Amended Class Action Complaint and Demand for Jury Trial was mailed via, U.S. Mail, restricted delivery, return receipt requested to: Defendant, Accredited Home Lenders c/o Resident Agent, The Corporation Trust, Inc., 300 East Lombard Street, Baltimore, Maryland 21202.

JOHN A. PICA, JR.
THOMAS P. KELLY
LOUIS F. ANGELOS

srm